135 W. 89th St., Hous. Dev. Fund Corp. v Powell (2025 NY Slip Op 51534(U))



[*1]


135 W. 89th St., Hous. Dev. Fund Corp. v Powell


2025 NY Slip Op 51534(U)


Decided on September 29, 2025


Appellate Term, First Department


Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and will not be published in the printed Official Reports.



Decided on September 29, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.



570629/25

135 West 89th Street, Housing Development Fund Corporation, Petitioner-Landlord-Appellant,
againstGregg Powell, Respondent-Tenant-Respondent.




Landlord appeals from an order of the Civil Court of the City of New York, New York County (Frances A. Ortiz, J.), dated May 16, 2024, which granted tenant's motion to dismiss the petition in a holdover summary proceeding.




Per Curiam.
Order (Frances A. Ortiz, J.), dated May 16, 2024, affirmed, with $10 costs.
Landlord commenced this holdover proceeding alleging that tenant breached the proprietary lease and House Rules "by failing to maintain and repair [his] apartment and keep it in a good state of preservation and cleanliness." It was alleged, among other things, that tenant accumulated garbage and debris in his apartment, causing noxious odors and an infestation of roaches and vermin. Prior to the commencement of the proceeding, landlord served tenant with a notice to cure the specified defaults and, subsequently, a notice to terminate which alleged "your failure to cure or remedy the multiple defaults" specified in the notice to cure.
Measured against the test of reasonableness in view of the attendant circumstances (see Oxford Towers Co., LLC v Leites, 41 AD3d 144, 144-145 [2007]), we agree that the notice of termination served by landlord was insufficient to serve as a predicate for this holdover proceeding. Other than the conclusory assertion that tenant failed to cure, the notice failed to contain any factual allegations to support the conclusion that the defaults specified in the notice to cure had not been cured during the cure period (see Tomfol Owners Corp. v Hernandez, 201 AD3d 453, 454 [2022]; see also Matter of Federation of Orgs. for the NY State Mentally Disabled, Inc. v Lindsay, 233 AD3d 444 [2024]). This failure is particularly noteworthy in this case given that Adult Protective Services performed multiple cleanings of the apartment during the cure period. Landlord's claim that tenant was present in the apartment during their inspection and that tenant was verbally notified that "he had not yet fully cleaned and restored the unit to a proper condition" is unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concurDecision Date: September 29, 2025









